

William S. Gyves

Kelley Drye & Warren LLP
3 World Trade Center
175 Greenwich Street
New York, NY 10007

Tel: (212) 808-7640
Fax: (212) 808-7897
WGyves@KelleyDrye.com

September 16, 2025

**Via ECF**

Honorable Margaret M. Garnett, U.S.D.J.
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: BDS III Mortgage Capital G LLC v. Martin NV II, Inc.
24-cv-01826 (MGM) (BCM)

Your Honor:

We represent plaintiff BDS III Mortgage Capital G LLC ("BDS III") and write with the consent of counsel for defendant/judgment debtor Martin NV II, Inc. ("Martin NV II").

Now pending before the Court is BDS III's fully briefed motion pursuant to Federal Rule of Civil Procedure 69(a) for an order compelling Martin NV II to turn over certain assets in satisfaction of the $32 million default judgment entered against it. See ECF 29-31, 43-45. We write to advise the Court of the parties' efforts to effect a global resolution to this and two related matters. As discussed below, these settlement efforts have progressed to the point that the parties jointly request that the Court stay this action for 120 days.

**The Three Related Cases**

This action arises out of a $26 million loan (the "Loan") that BDS III's predecessor-in-interest made to 301 W North Avenue, LLC ("Borrower"), an entity controlled by F. Martin Paris, Jr., a Chicago real estate developer. The Loan was guaranteed by Martin NV II, another Paris-controlled entity. Additionally, BDS III alleges that Paris individually and The Frank Martin Paris, Jr. Revocable Trust (the "Trust") are guarantors of Borrower's obligations under the Loan.

Borrower defaulted on the Loan, ultimately triggering three related litigations. First, Borrower filed a voluntary bankruptcy petition in the United States Bankruptcy Court for the Northern District of Illinois in the matter captioned In re 301 W North Avenue, LLC, Case No. 25-05275 (Bankr. N.D. Ill.) (the "Chapter 11 Case"). BDS III is by far the largest secured creditor in the Chapter 11 Case.

Honorable Margaret M. Garnett, U.S.D.J.
September 16, 2025

Second, BDS III filed this action on March 11, 2024 to enforce Martin NV II's guaranty.

Third, on February 18, 2025 BDS III commenced an action to enforce Paris and the Trust's obligations under the controlling guaranty in the matter captioned BDS III Mortgage Capital G LLC v. F. Martin Paris, Jr. et al., 25-cv-01377 (S.D.N.Y.) (the "Paris Guaranty Action"). This matter is pending before the Honorable J. Paul Oetken. Judge Oetken has stayed the Paris Guaranty Action in response to the developments outlined below. Id. at ECF 43-44.

**The Proposed Global Resolution**

On September 9, 2025, Borrower and BDS III submitted in the Chapter 11 Case a Stipulation and Agreed Order Granting Debtor's First Motion to Extend Exclusive Periods to Propose a Chapter 11 Plan and Solicit Acceptances (the "Proposed Order"). A copy of the Proposed Order is attached hereto as Exhibit 1. Therein, BDS III and Borrower outlined the proposed terms for a consensual plan of reorganization that, if approved, would globally resolve the disputes being litigated in the Chapter 11 Case, the Paris Guaranty Action and this matter. The Proposed Order provides that, upon its entry, BDS III "agrees to forbear from continuing to enforce its rights" under the Loan, including its prosecution of this matter and the Paris Guaranty Action. See Proposed Order, ¶19. The Proposed Order has not yet been entered.

Substantively, the Proposed Order sets forth concrete milestones pursuant to which Borrower must either secure the financing necessary to pay BDS III $24 million (subject to certain mechanic's liens pending against the property securing the Loan) or initiate an expedited process for the sale of that property. Id., ¶¶4-18. Specifically, Borrower would be required to "secure a firm financial commitment" to refinance the subject property within seventy-five days of the entry of the Proposed Order. Id., ¶7. Further, Borrower would be required to secure approval of its disclosure statement and commence solicitation of the consensual plan of reorganization within ninety days of entry of the Proposed Order. Id., ¶8. Borrower also would be required to secure confirmation of the consensual reorganization plan by January 31, 2026. Id., ¶9. The refinancing must close within thirty days of the entry of an order confirming the consensual plan. Id., ¶10. If Borrower is unable to meet these milestones with respect to the refinancing, the Proposed Order requires Borrower to immediately shift to an expedited sale of the subject property. Id., ¶¶12-15.

**The Proposed Stay of this Action**

In light of the above and to facilitate their ongoing global settlement efforts, BDS III and Martin NV II jointly request that the Court stay or otherwise suspend this action for a period of 120 days. They propose updating the Court on the status of the global settlement within ninety days. Further, they request that the Court schedule a conference toward the close of the 120-day stay period to determine the status of these global settlement efforts and any continued impact on this matter.

Honorable Margaret M. Garnett, U.S.D.J.
September 16, 2025

Thank you for your consideration.

          Respectfully submitted,

          /s/ William S. Gyves

          William S. Gyves

Attachment

cc:    Ariel Weissberg, Esq. (via ECF)
       Bryan C. Bryks, Esq. (via ECF)

---

In light of the representations above, the Court will STAY this case pending further developments in the parties' global settlement efforts. By **January 16, 2026, or within 10 days of the parties reaching a global settlement in principle, whichever is earlier**, the parties shall file a joint letter regarding the status of the global settlement. If appropriate, the parties may request in their joint letter that the Court schedule a conference to discuss whether the stay should remain in place.

The Clerk of Court is respectfully directed to mark this case STAYED.

SO ORDERED. Dated September 16, 2025.

HON. MARGARET M. GARNETT
UNITED STATES DISTRICT JUDGE

---