

**William S. Gyves**

Kelley Drye & Warren LLP
3 World Trade Center
175 Greenwich Street
New York, NY 10007

Tel: (212) 808-7640
Fax: (212) 808-7897
WGyves@KelleyDrye.com

January 16, 2026

**Via ECF**

Honorable Margaret M. Garnett, U.S.D.J.
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY  10007

      Re:    BDS III Mortgage Capital G LLC v. Martin NV II, Inc.,
               24-cv-01826 (MMG) (BCM)

Your Honor:

We represent plaintiff BDS III Mortgage Capital G LLC ("BDS III").  With the consent of defense counsel and pursuant to the Order of September 16, 2025 (ECF 47), we write to update the Court on the parties' efforts to effect a global resolution to their differences.  For the reasons set forth below, we respectfully request that the Court extend by sixty days the stay currently in place or, alternatively, schedule a conference to address an extension of the stay.

As outlined in our letter of September 16, 2025 (ECF 46), this matter is related to two others:  In re 301 W North Avenue, LLC, Case No. 25-05275 (Bankr. N.D. Ill.) (the "Chapter 11 Case"), and BDS III Mortgage Capital G LLC v. F. Martin Paris, Jr., 25-cv-01377 (S.D.N.Y.) (the "Paris Guaranty Action"), pending before the Honorable J. Paul Oetken.  The parties' efforts to resolve all three of these matters have played out principally in the Chapter 11 Case.  As discussed below, these efforts have progressed materially since our last report.  They appear to be on track to produce a global resolution early this year.

**The Settlement Agreement**

On October 7, 2025, BDS III and the debtor in the Chapter 11 Case (an entity affiliated with the defendants here and in the Paris Guaranty Action) submitted an executed Settlement Agreement for the Bankruptcy Court's approval.  (A copy of the Settlement Agreement is attached hereto.)  The Bankruptcy Court approved the Settlement Agreement on October 29, 2025.  The Settlement Agreement sets forth the terms of a consensual plan of reorganization (the "Consensual Plan") for the debtor.  If confirmed and executed upon, the Consensual Plan would resolve all three of the related matters.

Honorable Margaret M. Garnett, U.S.D.J.
January 16, 2026

The Settlement Agreement sets forth concrete milestones pursuant to which the debtor must either obtain the financing necessary to resolve BDS III's secured claim in the Chapter 11 Case or initiate an expedited process for the sale of the property securing BDS III's loan to debtor. See Settlement Agreement, §§1.2, 1.3, 2.1. Specifically, the Settlement Agreement required debtor to file the Consensual Plan and related disclosure statement (the "Consensual Disclosure Statement") by October 17, 2025. Id., §1.3(i). Debtor did so. The Settlement Agreement also required debtor to secure a firm financial commitment to finance the Consensual Plan (the "Plan Financing") by November 25, 2025. Id., §1.3(ii). Debtor did so. Further, the Settlement Agreement required debtor to obtain court approval of the Consensual Disclosure Statement and commence solicitation of the Consensual Plan by no later than December 10, 2025. Id., §1.3(iii). It did so. There were no objections filed with respect to the Consensual Plan.

The Settlement Agreement requires confirmation of the Consensual Plan by January 31, 2026. Id., §1.3(iv). At a confirmation hearing on January 14, 2026, the Bankruptcy Court stated that, based on its review of debtor's submissions and proffer of testimony, it was prepared to enter an appropriate order confirming the Consensual Plan. We expect the proposed order to be submitted in short order and entered by no later than January 21, 2026. The Settlement Agreement requires that debtor close on the Plan Financing within thirty days of entry of the order confirming the Consensual Plan. The parties' best assessment is that debtor will fully perform its obligations under the Settlement Agreement by approximately February 21, 2026, effectively bringing all three of these related matters to a close.

* * * *

In light of the above and to facilitate these ongoing global settlement efforts, BDS III and defendant Martin NV II, Inc. respectfully request that the Court extend the stay by sixty days or, alternatively, schedule a conference to address an extension of the stay. Of course, if (as expected) the global resolution is fully consummated prior to the expiration of the sixty-day period, the parties will promptly advise the Court of that development and take the steps necessary to effect the dismissal of this action with prejudice.

**KELLEY DRYE & WARREN LLP**                                           2

Honorable Margaret M. Garnett, U.S.D.J.
January 16, 2026

Thank you in advance for your consideration.[1]

Respectfully submitted,

/s/ William S. Gyves

William S. Gyves

cc:    Ariel Weissberg, Esq. (via ECF)
       Bryan C. Bryks, Esq. (via ECF)

> In light of the representations above, this case shall remained STAYED until **March 20, 2026**.
>
> By **March 13, 2026**, or within seven (7) days following the consummation of the global settlement, the parties shall file a joint status letter or a stipulation of voluntary dismissal, as appropriate.
>
> SO ORDERED.  Dated January 20, 2026.
>
> HON. MARGARET M. GARNETT
> UNITED STATES DISTRICT JUDGE

---

[1]    Counsel similarly updated Judge Oetken in the Paris Guaranty Action.  Judge Oetken extended the stay in that case through March 10, 2026.  See BDS III Mortgage Capital G LLC v. F. Martin Paris, Jr., 25-cv-01377 (S.D.N.Y.), ECF 46.